DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@holdenlegal.com
Daniel C. Dansie, Esq. (ISB No. 7985)
ddansie@holdenlegal.com
HOLDEN KIDWELL HAHN & CRAPO, P.L.L.C.
P.O. Box 50130
1000 Riverwalk Drive, Suite 200
Idaho Falls, ID 83405
Telephone: (208) 523-0620
Facsimile: (208) 523-9518

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREG GOODY,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JEFFERSON COUNTY, a Political Subdivision of the State of Idaho,<br><br>　　　　　　　　Defendant. | Case No. CV- 09-437<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Greg Goody, by and through his counsel of record, Holden, Kidwell, Hahn & Crapo, P.L.L.C., and states his cause of action as follows:

**JURISDICTION AND VENUE**

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* Idaho Code § 44-1501 *et seq.,* § 45-601 *et seq.,* and under Idaho's Protection of Public Employees Act, Idaho Code § 6-2101 *et seq.*

2. Jurisdiction is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

3. This action properly lies in the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose, and the parties are located and reside in this judicial district.

## PARTIES

4. Plaintiff Greg Goody is a male citizen and resident of the United States of America, who is, and at all times relevant hereto was, a resident of Jefferson County, Idaho, and maintained his residence in Rigby, Idaho.

5. Jefferson County (the "County") is a political subdivision of the State of Idaho with its principal place of operation in Rigby, Idaho.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff realleges and incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. Prior to July 30, 2009, Plaintiff was an employee of Defendant Jefferson County. Specifically, Plaintiff was an employee of the County's probation program.

8. During his employment with the County, Plaintiff was a designated as a "Probation Supervisor" in the probation program and acknowledged as a supervisor by the County and by other employees. The County required Plaintiff to perform supervisory functions.

9. At the time he was terminated, Plaintiff was an hourly employee paid $16.97 per hour.

10. During the time Plaintiff was employed, the County provided employees one hour of compensatory time for each hour past 40 hours which employees worked during a pay period in lieu of overtime pay.

11. The County has no written employment policies setting forth any overtime compensation agreement or policies.

12. In early 2009, Plaintiff witnessed an unlawful exchange of prescription drugs between two of his co-workers at Jefferson County, one of which was the Probation Director, Tammy Adkins. These two employees also joked with one another about sharing their "happy" pills with one another.

13. Plaintiff was obviously concerned about the activity, especially considering their obligations in probation. Plaintiff inquired from the County prosecutor about how to report the conduct and to whom it should be reported.

14. Plaintiff was advised to report the activity to the Clerk of Jefferson County and informed he could be liable if he chose not to report it.

15. The County prosecutor also advised that if the County Clerk took no action, then Plaintiff would need to report the incident to the Commissioners.

16. Following the incident, Plaintiff reported the incident to the County Clerk, who dismissed the concern. Plaintiff was threatened with termination and criticized by Ms. Adkins.

17. On or about April 28, 2009, Plaintiff reported the incident directly to the Jefferson County Commissioners.

18. On April 30, 2009, Plaintiff received a letter from the County. The County confirmed that Plaintiff's report of illegal conduct had been substantiated and that the appropriate individuals had been sanctioned. However, Tammy Adkins, also was promoted.

19. After the Commissioner's decision, and as explained in the letter, Plaintiff was removed from his supervisory duties.

20. On June 16, 2009, Plaintiff's counsel sent the County Commissioners a letter expressing Plaintiff's concern that the actions described above constituted adverse retaliatory conduct in response to his report. Plaintiff specifically wanted his supervisory position restored.

21. On July 30, 2009, the County terminated Plaintiff's employment, claiming Plaintiff was "creating disharmony within the office setting."

22. At all times during his employment, Plaintiff satisfactorily completed all of his job duties.

23. At the time he was terminated, the County compensated Plaintiff for his accumulated compensatory time on the basis of one hour's pay for every hour of overtime worked.

## COUNT ONE
## FEDERAL WAGE CLAIM

24. Plaintiff realleges and incorporate by reference paragraphs 1 through 23 as though fully set forth herein.

25. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

26. Before his employment was terminated, Plaintiff was Defendant's employee within the meaning of 29 U.S.C. § 203(e).

27. At no time during the course of his employment was Plaintiff an "exempt employee" within the meaning of 29 U.S.C. § 213.

28. During the course of Plaintiff's employment with Jefferson County's probation program, Defendant paid Plaintiff an hourly wage, which constituted Plaintiff's regular rate of pay within the meaning of 29 U.S.C. § 207(e).

29. During the course of Plaintiff's employment with Jefferson County Probation, Defendant periodically required Plaintiff to work in excess of 40 hours per pay period.

30. Pursuant to the County's compensatory time practice, Plaintiff received one hour of compensatory time for every one hour of overtime Plaintiff worked in a 40 hour work week.

31. The County's practice of providing only one hour of compensatory time for each hour of overtime work is a violation of 29 U.S.C. § 207.

32. Defendant's violations of 29 U.S.C. § 207 was a willful violation within the meaning of 29 U.S.C. § 255(a).

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from the County the amount of unpaid overtime compensation in amounts to be proven at trial and an additional equal amount in liquidated damages. In the alternative, if Plaintiff is not entitled to liquidated damages, then Plaintiff is entitled to pre-judgment interest on all unpaid wages and/or unpaid overtime wages due and owing from Defendant.

## COUNT TWO
## STATE WAGE CLAIM

34. Plaintiff realleges and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35. Defendant is an "employer" within the meaning of Idaho Code §§ 44-1503 and 45-601.

36. During the course of Plaintiff's employment with Defendant, it required Plaintiff to work overtime without properly compensating him.

37. Defendant's failure to pay Plaintiff for overtime worked at the appropriate rate is a violation of Idaho Code § 44-1502.

38. Pursuant to Idaho Code §§ 45-614 and 45-615, Plaintiff is entitled to recover from Defendant the amount of unpaid overtime in amounts to be proven at trial and liquidated damages and/or treble damages relating thereto.  In the alternative, if Plaintiff is not entitled to liquidated and/or treble damages, then Plaintiff is entitled to pre-judgment interest on all unpaid wages and/or unpaid overtime wages due and owing.

## COUNT THREE
## WHISTLEBLOWER PROTECTION CLAIM

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Prior to being terminated, and at the time he reported illegal activity among his co-workers, Plaintiff was an employee of the County within the meaning of Idaho Code § 6-2103.

41. The County is an employer and a public body within the meaning of Idaho Code § 6-2103.

42. Plaintiff's act of reporting illegal activity among his co-workers is a protected activity under Idaho Code § 6-2104(1)(a).

43. Plaintiff's act of reporting retaliatory conduct is also a protected activity under Idaho Code § 6-2104(1)(a).

44. Shortly after Plaintiff's report of illegal activity among his co-workers, the County took adverse action against Plaintiff.  This activity included relieving him of his supervisory duties and terminating his employment.

45. The County's adverse actions against Plaintiff are causally connected to, and in direct retaliation for, Plaintiff's act of reporting illegal activity among his co-workers and his complaint of retaliation.

46. By relieving Plaintiff of his supervisory duties and subsequently terminating him, the County violated the terms of the Idaho Protection of Public Employees Act.

47. Plaintiff is entitled the remedies available under Idaho Code § 6-2106, include lost wages, benefits, etc.

## ATTORNEYS' FEES

As a further direct and proximate result of Defendant's actions and/or failures to act, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur costs, expert witness fees, and attorneys' fees which should be required to be paid by the Defendant pursuant to: 29 U.S.C. § 216(b), Idaho Code § 45-615, and Idaho Code § 6-2106.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks judgment against Defendant as follows:

1. For an award of damages in the amount of Plaintiff's unpaid compensatory time, in accordance with 29 U.S.C. § 207 and Idaho Code §§ 45-614 and 45-615;

2. For an award of damages in an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and Idaho Code §§ 45-614 and 45-615 and/or treble damages;

3. For an award of damages for lost wages and other benefits, as allowed under Idaho Code § 6-2106;

4. For Plaintiff's reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. § 216(b), Idaho Code § 45-615, and Idaho Code § 6-2106; and

5. For such other and further relief as the Court deems just and proper.

_____/s/_____          Dated: September 4, 2009
DeAnne Casperson, Esq.
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.

G:\WPDATA\DC\15505 Goody\Pleadings\Complaint.rev1.wpd:lna