IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GREG GOODY, | ) | Case No. CV-09-437-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| JEFFERSON COUNTY, a Political | ) | |
| Subdivision of the State of Idaho, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### INTRODUCTION

The Court has before it Greg Goody's Motion for Certification of Collective Action (Docket No. 11). Having reviewed the briefing submitted by the parties, as well as the pleadings and affidavits in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

### BACKGROUND

Jefferson County employed Greg Goody in the Probation Department for nearly two years. During part of that employment Goody held a supervisory position. On the occasions when Goody's schedule required him to work more

**Memorandum Decision and Order – page 1**

than forty hours in a given week, he was instructed to count his overtime hours as compensatory ("comp") time on a one-to-one basis, receiving one hour of paid time off for each hour of overtime accrued.  Goody asserts he was demoted from his supervisory position after he reported improper behavior between two of his coworkers.  Goody's position with the County was eventually terminated.

Goody filed suit in this Court alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Idaho's Minimum Wage Laws, I.C. §§ 44-1501 to -1510 and §§ 45-601 to -621, and Idaho's Protection of Public Employees Act, I.C. §§ 6-2101 to -2109.  Goody seeks certification of a collective action only with regard to his federal wage claim asserting a violation of FLSA § 207 by the County's improper practice of compensating employees for overtime work on a one-to-one basis instead of time-and-a-half.

## ANALYSIS

**A.    Legal Standard for Certification of Collective Action**

The FLSA provides a cause of action for an employee against an employer who fails to pay overtime wages.  29 U.S.C. § 207(a), (o).  An employee may sue "for and in behalf of himself . . . and other employees similarly situated."  *Id.* § 216(b).  This is known as a collective action, and proceeds on an opt-in basis.  *Id.*; *see Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  "To facilitate

**Memorandum Decision and Order – page 2**

this process, a district court may authorize the named plaintiffs in an FLSA collective action to send notice to all potential plaintiffs." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). "It is within the discretion of the district court to determine whether a certification of a § 216(b) collective action is appropriate." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006). Although the Ninth Circuit has not articulated a single standard to guide this Court's "similarly situated" analysis, a majority of courts adopt a two tiered approach. *See, e.g.*, *Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM (W.D. Wash. Feb. 19, 2010); *Colson v. Avnet, Inc.*, No. 09-603-PHX-MHM (D. Ariz. Jan. 27, 2010); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL (D. Nev. Jan. 12, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC (D. Or. Oct. 14, 2008); *Hoffman v. Securitas Sec. Servs.*, No. CV07-502-S-EJL (D. Idaho Aug. 27, 2008); *Edwards*, 467 F. Supp. 2d at 990.

    Under the two-step approach, "the first step is for the court to decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Edwards*, 467 F. Supp. 2d at 990 (internal quotation marks omitted). Given the lack of discovery and limited evidence available to the court at this early stage in the proceedings, "this determination is usually made under a fairly lenient standard and typically results

**Memorandum Decision and Order – page 3**

in conditional class certification." *Id.* (internal quotation marks omitted). Indeed,

> [p]laintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden.

*Id.* (quoting *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)). All the plaintiff needs to show, "is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993).

The second phase of the two-step approach occurs once discovery is complete and the case is ready for trial. At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. *Id.* at 990 n.1.

**B.     Goody's Motion for Certification of Collective Action**

Goody asks this Court to certify a class composed of "all those former and current non-exempt employees of Jefferson County, Idaho, who were employed with Jefferson County within three (3) years prior to the date Plaintiff's complaint was filed, September 4, 2009." Goody asserts these proposed plaintiffs are

**Memorandum Decision and Order – page 4**

similarly situated to him in that they all "work, or worked, more than forty (40) hours per week from time to time; and they received, or do now receive, overtime compensation from the County on a one-to-one basis, rather than a time and a half basis."

In his affidavit, Goody declares that he was instructed to use comp time when he worked more than forty hours in a week, and that his comp time was calculated on a one-to-one basis. As a supervisor in the Probation Department, Goody knew that other Probation employees also calculated comp time for overtime hours worked on a one-to-one basis. The affidavit of potential class member Jerry Mitchell supports Goody's knowledge of Probation employees. Goody also declares that the County has a centralized administrative office, and therefore other non-exempt County employees who worked overtime received comp time calculated on a one-to-one basis. His knowledge of other departments comes from conversations with non-exempt employees.

The County contests certification, claiming that other employees are not similarly situated because they would not bring wrongful termination or whistle-blower retaliation claims. Although Goody does make claims beyond the FLSA, he seeks certification only for the FLSA claim. As to whether the County failed to properly compensate employees with comp time calculated at the time-and-a-half

**Memorandum Decision and Order – page 5**

rate, Goody has sufficiently alleged that there are other County employees similarly situated to him justifying conditional certification. Goody's complaint, affidavits, and supporting pleadings assert that he worked more than forty hours a week from time to time, that he was improperly credited comp time for his overtime work, and that his experience was shared by other non-exempt County employees. *See Edwards*, 467 F. Supp. 2d at 990.

 Goody seeks to notify potential class members employed by the County within three years of the filing of his complaint. Under the FLSA, the standard statute of limitations is two years; however the statute may be extended to three years where an employer willfully violates the statute. 29 U.S.C. § 255(a). A violation is willful if the employer "disregarded the very possibility that it was violating the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003). Generally, there must be evidence of the employer's "kn[owing] or [] reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)) (alterations in original). Goody has not alleged any facts indicating that the County's violations were willful. Therefore, the notice shall be provided to potential plaintiffs who were employed by the County within two years of the date of this Order.

**Memorandum Decision and Order – page 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Certification of Collective Action (Docket No. 11) shall be, and the same is hereby, conditionally GRANTED, defining the class as all those former and current non-exempt employees of Jefferson County, Idaho who were employed with Jefferson County at any time during the two (2) year period prior to the date Plaintiff's complaint was filed, September 4, 2009.

IT IS FURTHER ORDERED that Defendant Jefferson County shall, within twenty (20) days, provide to Plaintiff Goody the names, addresses, alternate addresses, and telephone numbers of all prospective members of the collective class.

IT IS FURTHER ORDERED that class members will have one hundred twenty (120) days from the date the notice is mailed to return their consent forms.

DATED: **April 6, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – page 7**