UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREG GOODY,<br><br>                Plaintiff,<br><br>    v.<br><br>JEFFERSON COUNTY, a Political Subdivision of the State of Idaho,<br><br>                Defendant. | Case No. CV-09-437-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Corrective Notice and to Exclude Communications and Payments as Evidence of Satisfaction of Any Unpaid Wages (Dkt. 21). The Court will not hear oral arguments. For the reasons stated below, the Court will grant in part and deny in part the motion.

## FACTUAL BACKGROUND

On February 3, 2010, Plaintiff filed a Motion for Certification of Collective Action under 29 U.S.C. § 216(b) (Dkt. 11). Plaintiff alleges that the defendant has not adequately compensated him for his overtime benefits. Attached to the Motion was a proposed Notice which the Plaintiff intended to send to putative plaintiffs, pending Court

**Memorandum Decision and Order – 1**

approval. At least one other person, Jerry T. Mitchell, has decided to join the collective action. (Mitchell Aff. ¶ 8).

On March 2, 2010, Defendant's counsel sent a letter ("Letter") and a check to eight putative plaintiffs of Goody's collective action. (Dkt. 22-2, Exh. E). Defendant sent Goody only the Letter. In short, the Letter advised its recipients of a County audit that revealed certain Probation employees' wages were not adequately paid, attached a check to ensure "compliance with all State and federal laws," and explained reasons for sending the check. (Mitchell Aff. ¶ 5, Exh. A). Mitchell states that the Letter confused him about whether he had a right to join Goody's collective action. (Mitchell Aff. ¶ 7).

One month later, the Court conditionally approved the collective class and Plaintiff's proposed Notice. (Dkt. 19). Plaintiff then sent discovery requests to Defendant, asking mainly for all correspondence associated with employees and their overtime compensation. One piece of evidence regards the calculations for the checks that Defendant sent to its employees. While Defendant has produced some form of evidence multiple times, Plaintiff does not find it sufficient.

## ANALYSIS

1. **Legal Standard**

The Fair Labor and Standards Act ("FLSA") provides a cause of action for an employee against an employer who fails to pay overtime wages. 29 U.S.C. § 207(a), (o). An employee may sue "for and in behalf of himself . . . and other employees similarly situated." Id. § 216(b). This is known as a collective action, which allows potential

**Memorandum Decision and Order – 2**

plaintiffs to "opt-in" after receiving notice.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Giving notice to potential plaintiffs of a collective action serves the "plaintiffs' interest in vigorously pursuing the litigation and the district court's interest in 'managing collective actions in an orderly fashion.'"  *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F. 3d 1136, 1139 (9th Cir. 2007) (*quoting Sperling*, 493 U.S. at 173).  District courts also have the power to authorize notice to putative plaintiffs to counter misleading communications. *Sperling*, 493 U.S. at 171.  This power comports with the "broad remedial purpose of the Act" and the interest of the courts to avoid a "multiplicity of suits."  *Braunstein v. E. Photographic Labs., Inc.*, 600 F. 2d 335, 335-336 (2d Cir. 1979) (per curiam).  As a result, a district court has "considerable authority" to govern the conduct of counsel and parties in collective actions as long as the court maintains its neutrality.  *Sperling*, 493 U.S. at 171-172, 174 (*citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)).

However, a district court abuses its discretion if it limits communications with putative plaintiffs without finding specific evidence and weighing the need for a limitation and the interference with the rights of the parties.  *Gulf Oil*, 452 U.S. at 101-102. As a result, the district court should carefully draw an order that limits the parties' speech as narrowly as possible.  *Id.* at 102.  Finally, although the Ninth Circuit has not specifically addressed the issue, several district courts have determined that the *Gulf Oil* standard applies to collective actions under § 216(b).  *See e.g., Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002); *Howard v. Securitas Sec.*

**Memorandum Decision and Order – 3**

*Servs., USA Inc.*, 630 F. Supp. 2d 905, 909 (N.D. Ill. 2009); *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667-668 (E.D. Tex. 2003); *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1086 (S.D. Iowa 2007); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1343 (N.D. Ga. 2007).

2. **Plaintiff's Motion**

Plaintiff argues that Defendant's Letter misled putative plaintiffs not to opt-in to his collective action. As a result, he asks the Court to order Defendant to send corrective notice, to disclose certain facts, and to agree that Defendant's "settlement offer" be precluded from affecting plaintiffs' relief from the collective action.

A. **Corrective Notice**

Plaintiff requests that Defendant send corrective notice to all putative plaintiffs. Plaintiff suggests that the corrective notice include the following information: (1) inform them of the lawsuit and report the prior misleading information; (2) inform them of their rights, including what damages they may be entitled to; (3) inform them how the prior payment was calculated; (4) inform them that any prior payment by Defendant will not be used to reduce or satisfy damages obtained by them in the litigation; (5) inform them that the federal court will determine whether the County is in compliance with the FLSA and state law; and (6) provide them additional time to opt-in after receiving the corrected notice (Dkt. 21-1).

In general, courts have found that pre-certification communication with putative members of a collective action should be allowed unless the communication contradicts a

**Memorandum Decision and Order – 4**

court notice, is misleading, or improper. *Parks*, 235 F. Supp. 2d at 1085; *Piper v. RGIS Inventory Specialists, Inc.*, 2007 WL 1690887 at *7 (N.D. Cal. 2007); *Maddox*, 499 F.Supp. 2d at 1342-1343; *Jones*, 517 F. Supp. 2d at 1086; *Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d 10, 18 (D.P.R. 2005). This general rule applies to settlement offers. *Bublitz v. E.I. dupont de Nemours and Co.*, 196 F.R.D. 545, 548 (S.D. Iowa 2000); *Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc.*, 214 F.R.D. 696, 698 (S.D. Ala. 2003). Notice is misleading if it prevents putative plaintiffs from making an informed choice about whether to join an action. *Sperling*, 493 U.S. at 170; *In re Veritas Software Corp. Sec. Litig.*, 496 F. 3d 962, 969 (9th Cir. 2007). Finally, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Sperling*, 493 U.S. at 170.

Here, Defendant communicated with putative plaintiffs before the Court certified Plaintiff's collective action. However, Mitchell, the other putative plaintiff who has joined the action, stated that the Letter and check confused him about whether he could join Plaintiff's action. (Mitchell Aff. ¶ 7). Although he has since joined the collective action, his initial confusion suggests other putative plaintiffs may also have been confused about their right to join Goody's suit. Therefore, the Court finds that corrective notice is necessary to ensure that all putative plaintiffs know about their right to join the collective action, notwithstanding receipt of the Letter and check.

However, the Court will not grant the full relief requested by Plaintiff in his Motion. The Court must limit its order to the narrowest possible restriction on the

**Memorandum Decision and Order – 5**

Defendant's speech. *Gulf Oil*, 452 U.S. at 102. Plaintiff cites two district court cases to support its broad requests for a remedy, but both are distinguishable from this case.

In *Belt v. Emcare, Inc.*, the court enjoined the defendant from ex-parte communications with putative collective action members, ordered that corrective notice be sent, sanctioned the defendant to pay all costs associated with the motion and granted putative plaintiffs 30 extra days to opt-in. *Belt*, 299 F. Supp 2d at 669-670. However, this order was made after the defendant wilfully contravened the court's authority, misrepresented facts about the pending lawsuit, misrepresented damages available from the lawsuit and threatened the job security of putative plaintiffs. *Id.* at 666-667. Here, the Letter made no direct misrepresentations nor did it contravene Court-approved notice.

In *Longcrier v. HL-A Co., Inc.*, the defendant/employer coerced potential plaintiffs to sign documents which released the defendant from paying wages through lies, intimidation and inadequate legal advice. *Longcrier*, 595 F. Supp. 2d 1218, 1229 (S.D. Ala. 2008). The court ordered the defendant to issue corrective notice, limited almost all of defendant's contact with putative plaintiffs and invalidated the releases. *Id.* at 1244-1245. Here, Plaintiff has not shown that the Defendant's Letter was sent in bad faith.

Defendant's conduct in this case is less objectionable. There is no indication of bad faith, and the Court recognizes that Defendant felt compelled by statute to correct the mistakes found during the audit. Moreover, Defendant's Letter was not a settlement offer. In fact, Defendant admits in its response brief that the putative plaintiffs "did not sign a release and can still opt in to the lawsuit." (Defendant's Brief at p. 7). However, that

**Memorandum Decision and Order – 6**

information should have been included in the Letter.  Although, Defendant's Letter did not state that the recipients could not join the lawsuit, silence on the issue likely confused the other putative plaintiffs as it did Mitchell.  Accordingly, the Court will order Defendant to send corrective notice to all prior recipients of the Letter, notifying them that they may still join the collective action and that the Letter and checks do not disqualify them from participating in the collective action.  Additionally, the notice shall state that the deadline for joining the collective action has been extended, and that the recipient has until 30 days from the date the corrective notice was mailed to join the collective action.

      **B.**     **Disclosure of Certain Facts**

Plaintiff also asks the Court to order Defendant to provide him with any information related to the Letter.  Specifically, he asks for the identities of the employees who were sent the Letter, any additional correspondence, and a specific showing of how Defendant calculated its check amounts.  It is unclear whether Defendant has satisfied Plaintiff's requests.  However, Plaintiff seems to only dispute the calculation disclosures in its Reply Brief (Dkt. 23, n.2).

At this point, the Court will not grant the request.  Instead, to the extent Plaintiff still has concerns about whether he has received sufficient information, counsel for Plaintiff shall contact Mr. Severson, the Law Clerk assigned to this case, for an informal mediation of the dispute as required by section 10 of the Court's Case Management Order (Dkt. 9).  Mr. Severson can be reached at (208) 334-9027.

**Memorandum Decision and Order – 7**

### C. Precluding Defendant's "Settlement Offer" From Affecting Plaintiff's Relief

Finally, Plaintiff requests that the Court determine that Defendant's payments to its employees shall not be factored into the potential award that his collective action might bring. However, Plaintiff has not provided any specific authority to support that argument at this point. Additionally, Defendant has a federal and state statutory duty to compensate employees for unpaid wages. 29 U.S.C. § 207(a); Idaho Code § 44-1502.

With the absence of any release of potential claims and Defendant's acknowledgment that the recipients of the Letter and checks are free to join the suit, it does not appear Defendant has abused the system by paying its employees their wages. *Longcrier*, 595 F. Supp. 2d at 1218 (court invalidated releases that foreclosed the ability to sue when defendant did not compensate putative plaintiffs). However, the issue is better left for determination on a dispositive motion or motion in limine. Accordingly, the Court will deny the request without prejudice. Plaintiff may re-assert the argument later in the case under a proper motion.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Corrective Notice and to Exclude Communications and Payments as Evidence of Satisfaction of Any Unpaid Wages Motion for Summary Judgment (Dkt. 21) shall be, and the same is hereby GRANTED in part and DENIED in part as explained above.

IT IS FURTHER ORDERED that Defendant shall mail a corrective notice to all

recipients of its earlier Letter by no later than 10 days from the date of this Order. The corrective notice shall inform the recipients that they may still join the collective action and that the Letter and checks do not disqualify them from participating in the collective action. Additionally, the notice shall state that the deadline for joining the collective action has been extended, and that the recipient has until 30 days from the date the corrective notice was mailed to join the collective action.

DATED: **September 23, 2010**

B. LYNN WINMILL
Chief U.S. District Court Judge