UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREG GOODY,<br><br>        Plaintiff,<br><br>v.<br><br>JEFFERSON COUNTY, a Political Subdivision of the State of Idaho,<br><br>        Defendant. | Case No. 4:09-CV-437-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's motion for summary judgment seeking to dismiss all claims (Dkt. 37). The Court heard oral argument on June 6, 2011 and took the motion under advisement. For the reasons explained below, the motion is denied.

## FACTUAL BACKGROUND

Jefferson County employed Greg Goody in its Probation Department from October 2006 through July 2009. During most of his employment Goody held a supervisory position. When Goody's schedule required him to work more than eighty hours in a two-week period, his supervisor, Tammy Atkins, instructed him to count overtime hours as compensatory ("comp") time on a one-to-one basis. He received one hour of paid time off for each hour of overtime.

**Memorandum Decision and Order - 1**

Goody asserts he was demoted from his supervisory position after reporting improper behavior between two of his coworkers. Shortly thereafter, the County terminated Goody.

Goody filed suit in this Court alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Idaho's Minimum Wage Laws, I.C. §§ 44-1501 to -1510 and §§ 45-601 to -621, and Idaho's Protection of Public Employees Act, I.C. §§ 6-2101 to -2109. Goody also sought certification of a collective action for the County's alleged violation of § 207 of the FLSA. At issue was the County's practice of compensating employees for overtime work on a one-to-one instead of time-and-a-half basis.

On March 10, 2010, after the filing of this action, the County mailed Goody a check for $1,241.71. It represented the County's calculation of unpaid over-time due Goody for the two years immediately prior to September 4, 2009 ($568.40) multiplied by three for "treble" damages ($1,705.20) and offset by what the County asserted as erroneous payment to Goody for hours he did not work over the same period ($463.49). The County also requested that Goody withdraw Counts One and Two of the Complaint. Goody declined the check.

This Court conditionally granted Goody's Motion for Certification of a Collective Action on April 6, 2010 (Dkt. 19); however, the parties stipulated that the case be de-certified on December 17, 2010 (Dkt. 33). The County has now moved for summary judgment seeking dismissal of all claims.

**Memorandum Decision and Order - 2**

# LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence

of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## ANALYSIS

There is no genuine issue of material fact surrounding the amount of "unpaid overtime compensation" due Goody for the immediately preceding two-years, 29 U.S.C. § 216(b) (2006), nor regarding his entitlement to a "reasonable attorney's fee . . . and costs of the action." *Id.* The County conceded violation of the FLSA. *Def.'s Br.* at 7, Dkt. 37-2. But there is a genuine issue of material fact on whether its violation was in good faith or willful, and if willful, to the amount of unpaid overtime over three years.

**A. Unpaid Overtime Compensation**

Section 207(o)(1) of the FLSA permits an employer who is "a political subdivision of a State" to pay its employees "in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required." 29 U.S.C. § 207(o)(1) (2006). There is no *genuine* issue about the amount of unpaid overtime pay due Goody for the two-years immediately

prior to the accrual of this action. Goody asserted $573.75 for 68.5 hours of unpaid overtime; the County $568.40 for 68 hours. The difference is de minimus.

The parties diverge on whether Goody is due overtime compensation for three-years. The FLSA has a general two-year statute of limitations with a three-year exception for "a cause of action arising out of a willful violation." 29 U.S.C. § 255(a) (2006). Goody alleged a willful violation (*Compl.* ¶ 32) and claimed an additional $492 for 61.5 hours of unpaid overtime. *Goody Aff.* ¶ 14, Dkt. 40-2.

In determining the collective action notice period this Court decided that "Goody has not alleged any facts indicating that the County's violations were willful." (Dkt. 19 at 6). But the County did not subsequently move to dismiss. Although this claim may not have survived a motion to dismiss under the rigid *Twombly-Iqbal* standard, it was never measured against it. Thus, the Court's decision of a two-year notice period is not dispositive in determining willfulness now, in the context of a summary judgment motion.

Therefore, to prevail on the issue of willfulness, the County must show there are no disputed issues of fact as to whether it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

In *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 919 (9th Cir. 2003), the court "war[ily]" based its finding of reckless disregard in part on three employees' "uncontroverted statements" describing how their complaints about not receiving

**Memorandum Decision and Order - 5**

overtime went unheeded by their employer. It relied more heavily, however, on "[t]he fact that [the employer] previously had run-ins with the Labor Department [putting it] on notice of other potential FLSA requirements." *Id.* at 919. The employer in *Alvarez v. IBP, Inc.* 339 F.3d 894, 908 (9th Cir. 2003),also recklessly disregarded the FLSA because it "was put on notice of its FLSA requirements" from prior litigation but "took no affirmative action to assure compliance." On the other hand, a County's "reli[ance] on substantial legal authority . . . in an attempt to comply with the law" is "clearly" not willful. *Serv. Emps. Int'l Union, Local 102 v. Cnty. of San Diego*, 60 F.3d 1346, 1355-56 (9th Cir. 1994).

Here the only evidence of willfulness is Goody's testimony that he "specifically asked Ms. Adkins whether [he] would be compensated for overtime since [he was] no longer [an] exempt employee[]." *Goody Aff.* ¶ 7, Dkt. 40-2. He alleged that Tammy Adkins, his supervisor, "explained that it was both her and Christine Boulter's [(the county clerk)] 'unwritten policy' that no overtime or compensatory time would be paid at a rate of one and one half [his] hourly rate." *Id.*

The fact that the county had adopted an "unwritten policy" concerning compensatory time provides an inference that Adkins and Boulter kept the policy unwritten and undocumented for a reason – i.e., because they knew that such a policy violated the FLSA. However, the Court is wary of finding willfulness solely from Goody's testimony, "not least of all because [his] interests are at stake." *Chao*, 346 F.3d at 918. But the record is bereft of controverting evidence. "Had the [County] effectively

**Memorandum Decision and Order - 6**

presented evidence that cast doubt on whether [Tammy Adkin's] statements were made, it would [be] proper . . . to disregard[] [Goody's]." *Id.* at 919. But its failure to do so requires that the County's motion for summary judgment be denied.

### B. Damages

Goody is seeking damages under the FLSA and Idaho's Minimum Wage Laws because of the County's failure to pay overtime compensation as required by the FLSA. In Idaho, "[a]ny person shall have the right to collect wages, penalties and liquidated damages provided by any law . . . within two (2) years after the cause of action accrued." I.C. § 45-614 (2003). The FLSA provision is similar: "Any employer who violates [§§ 206 or 207] shall be liable to the employee . . . affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA, however, has a "good faith" exception:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA,] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260 (2006). The absence of such an exception in the state law is not important here because section 45-614 is initiated only as "provided by any law," in this case the FLSA. Thus, liquidated damages should be determined according to 29 U.S.C. §§ 216(b) and 260.

The County argues in its motion that its violation was made in good faith; but this issue was not raised as a defense in its answer. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. Proc. 8(c). However, there is no Ninth Circuit precedent explicitly requiring § 260's good faith exception be raised at the pleadings. Nevertheless, various circuits have relied upon the Supreme Court's decision in *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960), to label some FLSA exceptions as affirmative defenses which must be pled in the defendant's responsive pleading. In *Arnold*, the Court emphasized that "these [29 U.S.C. § 213] exemptions are to be narrowly construed against the employers seeking to assert them." *Id.* at 392.

This circuit applies the Court's reasoning to other FLSA exceptions. "Following the Supreme Court's lead, we have also read FLSA exemptions-such as § 3(*o*)-tightly, refusing to apply FLSA exemptions 'except [in contexts] *plainly and unmistakably* within the[ ] [given exemption's] terms and spirit.'" *Alvarez*, 339 F.3d at 905 (quoting *Klem v. Cnty. of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal punctuation omitted and emphasis added by the *Alvarez* court)). The *Alvarez* court addressed a different FLSA "good faith" exception—good faith reliance upon administrative representation, with similar subjective and objective components to § 260's good faith exception—and held that "[t]he employer bears the burden of proof to establish this exception." *Id.* at 907. "Section 259's test [puts] 'the risk of a close [good faith] case on the employer.'" *Id.* (quoting *Reich v. IBP, Inc.*, 38 F.3d 1123, 1127 (10th Cir. 1994)).

**Memorandum Decision and Order - 8**

Furthering this line of reasoning, the Sixth Circuit has declared that the § 213 "exemptions are treated as affirmative defenses[,] and the defendant bears the burden of proving entitlement to them." *Franklin v. Kellogg Co.*, 619 F.3d 604, 611(6th Cir. 2010).

The Ninth Circuit has a "well-established rule . . . that a defendant who relies upon an exception to a statute . . . has the burden of establishing and showing that he comes within the exception." *U.S. v. Freter*, 31 F.3d 783, 788 (9th Cir. 1994). This supports the conclusion that § 260's good faith exception must be explicitly plead—plead more clearly than the blanket assertion by the County that it "fits within the general affirmative defense of 'fails to state a claim.'" *Def.'s Reply* at 7, Dkt. 41.

Despite this general rule, "absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (citing *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982)). The plaintiff must show that he will be unduly prejudiced if the affirmative defense is raised in the motion. *See e.g.*, *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) ("Ledo fails to demonstrate . . . how it has been prejudiced by not learning of the [affirmative] defense until March 1994."), *Rivera*, 726 F.2d at 566 ("No prejudice has been claimed by appellants. Accordingly, [appellee's] failure to raise the defense … does not preclude him from making a motion for summary judgment based on that defense."). The court should also consider whether the "plaintiff [had] fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979). Finally, in *Camarillo v. McCarthy* the court made its own

determination from the record. 988 F.2d 638, 639 (9th Cir. 1993) ("Camarillo has not claimed prejudice; nor is any suggested by the record.").

In response to the County's motion, Goody asserted that the good faith exception is an affirmative defense. But he neither claimed nor demonstrated how permitting the defense at this late date would prejudice his position. The record suggests no prejudice, and Goody has given the Court no reason to doubt the fairness of notice. Therefore, in order to determine the availability of liquidated damages, the Court must decide whether the County's violation was in good faith.

This inquiry does not instantly create a genuine issue of material fact. "[L]iquidated damages represent compensation, and not a penalty. Double damages are the norm, single damages the exception." *Local 246 Util. Workers Union v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir.1996). "Courts have the discretion to deny an award of liquidated damages if the employer shows that it acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that its conduct did not violate the FLSA." *Chao*, 346 F.3d at 920 (quoting 29 U.S.C. § 260).

A threshold issue is whether the judge or jury should make this determination. In *Kelly v. American Standard, Inc.*, the circuit court reviewed the trial court's decision and noted that "[b]y agreement of the parties, the court rather than the jury determined the availability and amount of liquidated damages." 640 F.2d 974, 982 (9th Cir. 1981), *overruled on other grounds by Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1494 (9th Cir. 1986). Though reversed and remanded because the trial judge improperly

**Memorandum Decision and Order - 10**

applied § 260's good faith exception to an ADEA claim (*Id.* at 987), *Kelly* illuminates what appears to be the default rule: the jury should decide liquidated damages.

On the other hand, other circuits have interpreted §260's text—"if the employer shows to the satisfaction of the court" and "the court may, in its sound discretion"—to mean that "'[t]his inquiry is committed to the "sound discretion" of the trial court.'" *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 947 (2d Cir. 1959) (quoting *Reed v. Murphy*, 232 F.2d 668, 678 (5th Cir. 1956), *cert. denied*, 352 U.S. 831 (1956)). *See also McClanahan v. Matthews*, 440 F.2d 320, 322 (6th Cir. 1971) ("[A]n award of liquidated damages … is to be granted, or denied, by the court, as opposed to the jury.") (citations omitted).

However, the Ninth Circuit has ruled in the context of the WARN Act's good faith exception (essentially the same as § 260's) that a failure "to provide facts to establish" the exception will not survive summary judgment. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1008 (9th Cir. 2004). Therefore, to avail itself of § 260's good faith exception, the County must provide facts "establish[ing] that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Local 246 Util. Workers Union*, 83 F.3d at 298 (internal quotations omitted). In addition, an employee's acquiescence does not shift the burden. *Id.* Further, an employer's "[m]ere ignorance . . . is not enough to establish the good faith exception." *Childress*, 357 F.3d at 1008. Nor can an employer's "reckless belief" of its compliance constitute good faith. *Chao*, 346 F.3d at 920. Rather, the *Chao* court gave

Memorandum Decision and Order - 11

weight to whether the employer "had secured some objective authority, or at the very least sought advice, on the legality of" its overtime calculations. *Id.*

The County alleged that it "never [had] a subjective intention . . . to deprive probation department employees of compensatory time due." *Def.'s Br.* at 7, Dkt. 37. It also noted that the error "existed at Stepps, Inc., prior to being absorbed by Jefferson County, and had been perpetuated afterward." *Id.* The County stated that Goody calculated his own comp time, and it made payroll accordingly. *Def.'s Oral Arg., Trans.* at 12, *referencing Goody Aff.* Exhibit C, Dkt. 39-5. Finally, the County asked the Court to give effect to its efforts after litigation began to reimburse under-compensated employees, including Goody. *Def.'s Reply* at 8-9, Dkt. 41; *see also Boulter Aff.* ¶ 13, Dkt. 37-3. The County has provided no facts pertaining to the objective element.

The County's reasoning does not sound within the good faith exception. Though it may be able to show a lack of bad faith, none of its evidence demonstrates good faith. Further, its actions following discovery of the violation are inapposite to its intentions while violating the law. The County did not seek advice or "secure[] some objective authority" in determining employee overtime compensation required by the FLSA. Further, finding good faith because Goody, and not the County, calculated his compensation time would shift the burden of compliance from the employer to the employee. Where all of its other departments paid overtime on a time-and-a-half basis, the County's absolute failure to identify the mistake in the probation department's payroll over nearly three years seems far from an honest intention to obey federal law. In

**Memorandum Decision and Order - 12**

addition, the County has asserted no objectively reasonable grounds for its violation. Therefore, it has failed to conclusively demonstrate either essential element of good faith—which it must do to have the issue resolved on summary judgment.

Thus, the Court concludes that there are disputed issues of fact as to whether the County acted in good faith. As a result, the County's good faith defense—upon which it bears the burden of proof —cannot be decided on summary judgment.

### C. Amount Paid to Goody

The County has asserted that its check to Goody for $1,241.71 on March 10, 2010 eliminated any genuine issue of material fact on Goody's unpaid overtime claims. There are three problems with this assertion. First, the amount was offset by $463.49 for wages allegedly paid to Goody in error. The law is well-settled that an offset is an affirmative defense. *See Fisher Flouring Mills Co. v. U.S.* 17 F.2d 232, 234 (9th Cir. 1927). Though an affirmative defense may be raised outside the pleadings barring undue prejudice to the plaintiff, Goody has shown that permitting the defense would be prejudicial. He declined the check because he did not understand "why pay was deducted." *Goody Aff.* ¶ 15, Dkt. 40-2. Had the defense been appropriately raised, Goody would have been better informed in deciding whether to accept. Thus, the offset defense cannot be raised by the County's motion, and the County cannot claim it offered to compensate Goody in full for its FLSA violation.

Second, once the County violated the FLSA, Goody had the option under § 216 to either accept payment, if proffered, or seek payment and damages through litigation:

**Memorandum Decision and Order - 13**

> [Section 216(c)[1]] was designed to offer a choice to an employee who had been improperly denied wages under the FLSA: he or she might 'choose between action by the Administrator under the new subsection (c) for simply the amount which is owed to him and his own individual right of action under subsection (b) for both back wages and liquidated damages together with a reasonable attorney's fee.'

*Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141 (9th Cir. 2007) (quoting *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946)). *Dent* signifies that once an FLSA violation has occurred a plaintiff can choose between accepting "simply the amount which is owed" and seeking "back wages and liquidated damages together with a reasonable attorney's fee." Though the Department of Labor is not involved, Goody's option to accept payment or pursue his own action would appear to be the same.

Finally, the potentially preclusive effect of § 216(c) makes Goody's choice to decline the check reasonable. In *Dent*, the court ruled that an employee's acceptance of payment from his employer for unpaid wages over a two-year period can constitute a waiver of all claims to unpaid wages from such employer if there is an "'agreement' [which] is more than the acceptance of funds, as it must exist 'independent of payment.'" 502 F.3d at 1147. Though the *Dent* court was concerned with actions by the Secretary of Labor in behalf of the employee, the principle holds where the employer has volunteered payment. Here, the County did more than proffer funds to Goody. Its request that Goody

---

[1] 29 U.S.C. § 216(c) (2006): "The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages."

**Memorandum Decision and Order - 14**

withdraw Counts One and Two of his complaint *could* be construed by a court as an agreement independent of the payment. Whether acceptance by Goody would have actually precluded his claims is not before the Court. Goody's wariness of accepting payment was reasonable, especially where he had a potential claim to three years of unpaid overtime and with the language of § 216(c) and *Dent* surrounding the issue.

Therefore, to date, Goody has not been paid by the County for any of the unpaid overtime or damages, despite the County's position otherwise. The County's motion for summary judgment fails in this respect as well.

### D.  Reasonable Attorney's Fee and Costs of the Action

The County has suggested this Court take the issue of a reasonable attorney's fee under advisement, as it is not a question of fact for the jury, but one of post-trial motions. "The FLSA provides that upon a finding of a violation of the Act, the district court shall 'allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Haworth v. Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (quoting 29 U.S.C. § 216(b)). Further, "[t]he 'case law construing what is a "reasonable" fee applies uniformly' to all federal fee-shifting statutes." *Id.* (quoting *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992)). Based on the court's position in *Haworth* and the language of § 216(b), the determination of a reasonable attorney's fee and costs is not in question, as the County has conceded its FLSA violation. Such should be addressed in post-trial motions after the other issues have been decided.

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion For Summary Judgment (Dkt. 37) is **DENIED**.



DATED: June 29, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision and Order - 16**